IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL PRUITT, #08865-032 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. DKC-07-77 |
| HARLEY G. LAPPIN, Director<br>Bureau of Prisons, et al. | . : | |
| | : | |
| Respondents | : | |

.....................

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2241 petition for writ of habeas corpus filed by Earl Pruitt, a federal prisoner incarcerated at FCI-Cumberland, Maryland, challenging his three-year term of supervised release imposed in 2002, by the United States District Court for the Eastern District of Kentucky.[1] The petition is properly construed under 28 U.S.C. § 2255, and it will be dismissed without prejudice.[2]

The threshold question presented here is whether this claim is properly raised in a § 2241 habeas petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241

---

[1]Electronic records on the Pacer system show that Pruitt pleaded guilty to unlawful transport of firearms in the United States District Court for the Eastern District of Kentucky on June 28, 2002. On October 16, 2002, that court imposed a sentence of ninety months incarceration and three years supervised release. *See United States v. Pruitt,* Criminal Action No. 5:02-66-JMH1 (E.D. Ky).

[2]The court will grant Pruitt leave to proceed in forma pauperis for the limited purpose of preliminary review. Pruitt has neither submitted the civil filing fee nor moved for in forma pauperis status.

petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). In a § 2241 action, the petition must be filed in the district court of the district where petitioner is in custody. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). By contrast, a §2255 motion challenges the validity of a conviction or sentence, *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). A §2255 motion must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255.

Mindful that Pruitt is a pro se litigant, the court has endeavored to accord his petition liberal interpretation. *See Haines v. Kerner* 404 U.S. 519, 520 (1972). As best as the court is able to discern, Pruitt claims the sentencing court was without authority to impose a term of supervised release.[3] As such, the petition clearly challenges the validity of the sentence imposed and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Pruitt, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255.[4] It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones,* the United States Court

---

[3]Pruitt references *United States v Booker*, 543 U.S. 220 (2005) and generally discusses separation of powers in support of his claim.

[4]28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones*, 226 F.3d 333-34. Petitioner does not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy.

Further, to the extent this § 2255 petition may prove time-barred, a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial,* 115 F.3d at 1194 n. 5. Accordingly, the court will dismiss the petition without prejudice to refiling in the appropriate court. A separate Order consistent with this Memorandum follows.

_____1/23/2007_____       _____/s/_____
Date                             DEBORAH K. CHASANOW
                                 United States District Judge